Denise Hulett (SBN 121553)
dhulett@las-elc.org
William C. McNeill III (SBN 64392)
wcmcneill@las-elc.org
Claudia Center (SBN 158255)
center@las-elc.org
The LEGAL AID SOCIETY --
    EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 864-8848
Facsimile: (415) 593-0096

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>ALL AMERICAN ASPHALT, a corporation,<br><br>    Defendant. | Case No. 5:12-cv-02107-TJH-DTB<br><br>STIPULATED PROTECTIVE ORDER |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 8.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3. DEFINITIONS

As used in this Protective Order:

(a) "Action" means the above-entitled action styled as *Frederick Jones v. All American Asphalt*, Case No. 5:12-cv-02107-TJH-DTB, including any pretrial, trial, post-trial, or appellate proceedings.

(b) "Challenging Party" means a Party that challenges the designation of Documents under this Protective Order.

(c) "Designating Party" is any Party that designates information or items that it produces as "Confidential Information."

(d) "Document" means all original documents or electronically stored information, and all copies thereof, as defined in Rule 1001 of the Federal Rules of Evidence and Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

(e) "Expert" is a Person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or a consultant to this Action.

(f) "Protected Material" means any Document that has been designated as "Confidential" pursuant to this Protective Order.

(g) "Party," for purposes of this Protective Order, means Frederick Jones and his consultants, retained experts, and outside counsel of record (including support staff), on the one hand; and All American Asphalt, including all its officers, directors, employees, consultants, retained experts, and outside counsel of record (including support staff), on the other hand; and collectively, "Parties."

(h) "Person" means any natural person, corporation, partnership, proprietorship, group association, organization, business entity, governmental body, agency, and any agent for the foregoing.

(i) "Producing Party" is a Party that produces documents or other information in the Action.

(j) "Receiving Party" is any Party who properly receives documents or other information from a Producing Party.

### 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### 5. DESIGNATING PROTECTED MATERIAL

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify-so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably with the ambit of this Order.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic document , but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

## 6. <u>INADVERTENT FAILURES TO DESIGNATE</u>

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7. <u>CHALLENGING CONFIDENTIALITY DESIGNATION</u>

7.1. <u>Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. If a party objects to the designation of any document as confidential, counsel for the Challenging Party shall notify all counsel of record of the objection by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith.

7.2. <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the designating Party may move the court for an order upholding the designation under Civil Local Rules 7 and 37-1 through 37-4 (and in compliance with Civil Local Rule 79-5, if applicable). The Designating Party shall have 12 days from the date of notification by the objecting Party of a challenge to a designation in which to provide (via email) the Challenging Party with his or its portion or a motion (pursuant to Local Rule 37-1 and 37-4) to uphold the designation. Should the Designating Party fail to provide the motion with 12 days, the designation shall be deemed withdrawn. The Parties may agree in writing to extend this 12-day deadline. If such a motion is timely filed, the document or

information shall be kept confidential pending a ruling on the motion.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1. "Confidential" Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonable necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all whom unauthorized copies of the Protected Material, (c) inform the person or persons to unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure (26)b)(5)(B).

10. MISCELLANEOUS

 a. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modifications by the court in the future.

 b. Right to Assert Other Obligations. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

 c. Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If a Receiving Party's request to file Protected Material

under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 11. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set for in Paragraph 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RUTAN & TUCKER, LLP

Dated: March 28, 2013                By: /s/   Brandon L. Sylvia

                                                Brandon L. Sylvia
                                                Attorneys for Defendant
                                                ALL AMERICAN ASPHALT

LEGAL AID SOCIETY-
EMPLOYMENT LAW CENTER

Dated: March 28, 2013                By: /s/   Denise Hulett

                                                Denise M. Hulett
                                                Attorneys for Plaintiff
                                                FREDERICK JONES

PURSUANT TO STIPULATION, IT IS ORDERED.

Dated: _April 2, 2013

                                                Hon. Terry J. Hatter, Jr.
                                                United States District Judge
                                                Central District of California

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case *Frederick Jones v. All American Asphalt*.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise not to disclose in any manner any information or item that is subject to this Order, except as permitted by the Order.

Date: _____

City and State where sworn and signed:
_____

Printed Name: _____

Signature: _____